UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| H. Anthony James<br>8019 Glendale Milford Road<br>Camp Denison, OH 45111,<br><br>  Plaintiff,<br><br>Olive P. James<br>8019 Glendale Milford Road<br>Camp Denison, OH 45111,<br><br>  Plaintiff,<br><br>v.<br><br>U.S. Bank National Association, as trustee, successor in interest to Bank of America National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Lehman XS Trust Mortgage pass-through certificates, series 2006-11<br>c/o Ocwen Loan Servicing LLC<br>425 Walnut Street<br>Cincinnati, OH 45202<br><br>And<br><br>Reisenfeld & Associates LLC<br>3962 Red Bank Road<br>Cincinnati, OH 45227<br><br>And<br><br>Ocwen Loan Servicing LLC<br>Corporation Service Company<br>50 West Broad Street Suite 1330<br>Columbus, OH 43215<br><br>  Defendants. | Case No. 1:18-cv-440<br><br>District Judge<br><br>Magistrate Judge<br><br>**<u>JURY DEMAND ENDORSED HEREIN</u>** |

1

**COMPLAINT FOR MONEY DAMAGES AND OTHER RELIEF**

The following allegations are based upon Plaintiffs H. Anthony ("Mr. James") and Olive P. James' ("Mrs. James"; collectively "the Jameses") personal knowledge, the investigation of counsel, and information and belief. The Jameses, through counsel, allege as follows:

**I. INTRODUCTION**

1. The Jameses entered into a note and mortgage loan agreement on the property located at 8019 Glendale Milford Road Camp Denison, OH 45111 ("the Property"), and later refinanced that mortgage loan on February 3, 2006 (the "Mortgage Loan Refinance") with All State Home Mortgage.

2. The Jameses allegedly took out a **second** mortgage on their home on July 8, 2004 with JPMorgan Chase Bank, NA ("Chase").

3. On May 17, 2011, Chase filed a wrongful foreclosure action against the Jameses' property located at 8019 Glendale Milford Road Camp Denison, OH 45111 ("the Property"), alleging that the Jameses were past due on their **second** mortgage. (Exhibit A - Complaint filed on May 17, 2011).

4. The Jameses were current on all of their obligations related to the Property as of the date the wrongful foreclosure was filed.

5. The complaint listed Mortgage Electronic Registration Systems, Inc. ("MERS"), nominee for All State Home Mortgage, as a defendant, because MERS was the potential holder of the Note for the Mortgage Loan Refinance.

6. On November 9, 2011, MERS filed a cross-claim for foreclosure on the Property and alleged that the Jameses were past due on the Mortgage Loan Refinance from July 1, 2011. (Exhibit B – MERS Cross Claim Complaint Filed on November 9, 2011).

7. The cross-claim filed by MERS accelerated the Mortgage Loan Refinance. Hence, the Mortgage Loan was accelerated on November 9, 2011 at the latest.

8. Both the complaint and MERS' crossclaim were dismissed on May 22, 2012 without prejudice. (Exhibit C – Entry of Dismissal Entered on May 22, 2012).

9. At some time after the alleged default, the Mortgage Loan Refinance was transferred to U.S. Bank National Association, as trustee, successor in interest to Bank of America National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Lehman XS Trust Mortgage pass-through certificates, series 2006-11, c/o Ocwen Loan Servicing LLC ("U.S. Bank" and "Ocwen").

10. On April 30, 2018, Ocwen through its agent Reisenfeld & Associates LLC ("Reisenfeld"), sent a letter dated April 30, 2018 to the Jameses demanding payment of the fully accelerated loan balance while threatening to take the Jameses' house when the Defendants knew that US Bank's claims were time-barred. (Exhibit D – Dunning Letter April 30, 2018).

11. That same day, U.S. Bank and its agents Reisenfeld and Ocwen filed a time-barred Complaint for a personal judgment and foreclosure against the Jameses in connection with the Mortgage Loan. (Exhibit E – Complaint Filed on April 30, 2018).

12. The time barred Complaint alleged the same amount due and the same default date as the November 9, 2011 cross-claim. (Compare Exhibit E and Exhibit B).

13. Ocwen continues to request payments and amounts that are not owed under the Mortgage Loan.

14. Accordingly, the Jameses bring this suit against US Bank, Ocwen, and Reisenfeld for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

## III. JURISDICTION

15. This Court has jurisdiction for the First Count and Second Count pursuant to the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. 1331 and 1337.

16. This Court has personal jurisdiction over Defendants because Defendants transact business within this District, the mortgage loan was incurred within this District, and the property which was the subject of the mortgage loan is located within this District. *International Shoe v. Washington*, 326 U.S. 310 (1945).

17. Venue is proper in accordance with 28 U.S.C. § 1391(b)(2).

## IV. PARTIES

18. Plaintiffs are natural persons currently residing within this Court's jurisdiction at 8019 Glendale Milford Road, Camp Denison, Ohio 45111.

19. Plaintiffs were and are **consumers** within the meaning of the FDCPA at 15 U.S.C. § 1692a(3).

20. US Bank is a national bank organized with its principal place of business in the State of Ohio

21. U.S. Bank was and is a **debt collector** within the meaning of the FDCPA at 15 U.S.C. § 1692a(6).

22. U.S. Bank acquired its interest in the Mortgage Loan after default.

23. U.S. Bank regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

24. Ocwen is a limited liability company organized under the laws of the State of Delaware.

25. Ocwen was and is a **debt collector** within the meaning of the FDCPA at 15 U.S.C. § 1692a(6).

26. Ocwen acquired servicing of the Mortgage Loan after default.

27. Ocwen regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

28. Reisenfeld is a limited liability company organized under the laws of the State of Ohio.

29. Reisenfeld was and is a **debt collector** within the meaning of the FDCPA at 15 U.S.C. § 1692a(6).

30. Reisenfeld regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

31. Reisenfeld uses instrumentalities of interstate commerce or the mails in its business the principal purpose of which is the collection of debts.

## V. FACTUAL ALLEGATIONS

32. The Jameses incorporate all other paragraphs in this Complaint by reference as though fully written here.

33. The Jameses entered into a Mortgage Loan Refinance agreement and signed a promissory note on or about February 3, 2006, which was secured by the **first** mortgage lien on real property the Jameses own as their primary residence. A copy of the purported note and mortgage are attached within Exhibits B and E.

34. The Mortgage Loan Refinance is and was a **debt** as defined in 15 U.S.C. § 1692a(5).

35. On April 30, 2018 Ocwen through its agent, Reisenfeld sent a "dunning" letter (the "Letter") to the Jameses expressly threatening to bring a foreclosure action, unless the

Jameses notified Reisenfeld that they disputed the debt within 30 days of receiving the Letter. (Exhibit D).

36. That Letter mischaracterized the legal status of the alleged debt, as Ocwen implied that it had a legal right to bring a foreclosure claim against the Jameses.

37. That same day, U.S. Bank and its agents, Reisenfeld and Ocwen (collectively the "Three Defendants"), filed a time-barred Complaint for a personal judgment and foreclosure (the "Foreclosure") against the Jameses in connection with the Mortgage Loan Refinance. (Exhibit E).

38. The Three Defendants filed the Complaint in the Court of Common Pleas of Hamilton County Ohio, Case No.: A 1802211.

39. The Three Defendants filed the Complaint more than 6 years after the Mortgage Loan Refinance was accelerated, and the Complaint is barred as a matter of Ohio law.

40. The Three Defendants knew or should have known that collection of the alleged debt through litigation was improper, as it was time-barred by the six-year statute of limitations.

41. The Three Defendants alleged that the Jameses were personally liable under the Note. (Exhibit E).

42. The Three Defendants knew or should have known that the Jameses were not personally liable under the Note as collection on the Note was time-barred by the six-year statute of limitations.

43. The Jameses have answered the time-barred Complaint and filed a Motion for Summary Judgment on the same issue.

44. As a result of the Three Defendants' conduct, the Jameses have suffered and continue to suffer emotional distress, including anxiety, stress, and sleepless nights.

45. As a result of the Three Defendants' conduct, the Jameses were required to incur the expense of legal counsel to defend against the wrongful foreclosure and to bring this action.

## VI. FIRST COUNT – FDCPA VIOLATIONS AGAINST ALL DEFENDANTS

46. The Jameses incorporate all other paragraphs in this Complaint by reference as though fully written here.

47. The Three Defendants' actions as described herein, violate the Fair Debt Collection Practices Act ("FDCPA") at 15 U.S.C. § 1692 *et seq.*

48. The Three Defendants filed the time-barred Complaint when they knew, or should have known that the Complaint was time barred.

49. The Three Defendants falsely represented the character, amount, and legal status of the Mortgage Loan Refinance in violation of 15 U.S.C. § 1692e(2)(A).

50. The Three Defendants falsely represented the character, amount, and legal status of the Mortgage Loan Refinance and filed a time-barred Complaint in violation of 15 U.S.C. § 1692e(10).

51. The Three Defendants falsely alleged that the Jameses were personally liable under the Note in violation of 15 U.S.C. 1692e

52. The Three Defendants' actions described herein are unfair and/or unconscionable in violation of 15 U.S.C. § 1692f.

53. The Three Defendants' actions described herein are neither authorized nor permitted by law in violation of 15 U.S.C. § 1692f.

54. The Three Defendants' actions caused the Jameses severe emotional distress.

55. The Jameses emotional distress was caused by the Three Defendants' improper threats and violations of the FDCPA.

56. The Three Defendant's actions forced the Jameses to obtain legal counsel and incur expenses and fees to defend the Foreclosure, and to bring this current action.

57. Therefore, the Three Defendants are liable to the Jameses under this Count for their FDCPA violations in an amount equal to or greater than: actual damages of at least $25,000, 15 U.S.C. 1692k(a)(1); statutory damages in an amount up to $1,000, 15 U.S.C. 1692k(a)(2)(A) per Plaintiff; and costs of this action and attorney's fees, including pursuant to 15 U.S.C. 1692k(a)(3).

## VII. SECOND COUNT – FDCPA VIOLATIONS AGAINST OCWEN AND REISENFELD

58. The Jameses incorporate all other paragraphs in this Complaint by reference as though fully written here.

59. Ocwen and Reisenfeld's actions as described herein, violate the Fair Debt Collection Practices Act ("FDCPA") at 15 U.S.C. § 1692 *et seq.*

60. Ocwen began servicing the mortgage loan when it was in default.

61. Ocwen treated the mortgage loan as though it was in default from the inception of servicing the mortgage loan.

62. Ocwen through its agent Reisenfeld, sent the Letter to the Jameses on the same day it filed the Foreclosure, including a demand for personal judgment.

63. Ocwen through its agent Reisenfeld, falsely represented the character, amount, and legal status of the alleged debt in its Letter in violation of 15 U.S.C. § 1692e(2)(A)

8

64. Ocwen through its agent Reisenfeld, falsely implied that non-payment of the time-barred debt would result in the foreclosure and sale of the Jameses home in its Letter in violation of 15 U.S.C. § 1692e(4).

65. Ocwen through its agent Reisenfeld, improperly threatened the Jameses with the Foreclosure and a personal judgment in its Letter, when they knew or should have known that a foreclosure action was time-barred in violation of 15 U.S.C. § 1692e(5).

66. Ocwen through its agent Reisenfeld, used unfair and unconscionable means to attempt to collect the alleged debt by failing to inform the Jameses that collection of the debt through foreclosure was time-barred in its Letter, in violation of 15 U.S.C. § 1692f.

67. Ocwen through its agent Reisenfeld, used unfair and unconscionable means to attempt to collect the alleged debt by failing to verify the validity of the alleged debt prior to taking action in contravention of its Letter, and in violation of 15 U.S.C. § 1692f.

68. Ocwen through its agent Reisenfeld, used unfair and unconscionable means to attempt to collect the alleged debt by filing the foreclosure action immediately after sending the Letter in violation of 15 U.S.C. § 1692f.

69. Ocwen and Reisenfeld's actions caused the Jameses severe emotional distress.

70. Ocwen and Reisenfeld's actions prevented the Jameses from disputing the alleged debt before Ocwen and Reisenfeld filed an action pursuing a personal judgment on a time-barred alleged debt.

71. Ocwen and Reisenfeld's actions forced the Jameses to obtain legal counsel and incur expenses in connection with the loan modification application, to defend the Foreclosure, and to bring this current action.

72. Ocwen and Reisenfeld are liable to the Jameses under this Count for its FDCPA violations in an amount equal to or greater than: actual damages of at least $25,000, 15 U.S.C. 1692k(a)(1); statutory damages in the amount of up to $1,000, 15 U.S.C. 1692k(a)(2)(A) per Plaintiff; and costs of this action and attorney's fees, including pursuant to 15 U.S.C. 1692k(a)(3).

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court:

A. Assume jurisdiction of the Jameses' claims;

B. Grant judgment in favor of the Jameses' on their claims;

C. Grant the Jameses' the maximum damages they seek on their counts, including the maximum statutory damages available under each claim where statutory damages are available, and the maximum economic and non-economic damages available, including actual, emotional, general, punitive, and other damages;

D. Award Plaintiffs the costs of this litigation, including filing fees and costs;

E. Award Plaintiffs their attorney's fees;

F. Award such other relief as the Court deems appropriate.

Dated June 27, 2018.                                Respectfully Submitted,
                                                    Doucet & Associates Co., L.P.A.


                                                    /s/ *Timothy J. Cook*
                                                    Timothy J. Cook (0093538)
                                                    *Attorney for Plaintiffs*
                                                    700 Stonehenge Parkway, Suite 2B
                                                    Dublin, OH  43017
                                                    (614) 944-5219 PH
                                                    (818) 638-5548 FAX
                                                    timothy@doucet.law

## JURY TRIAL DEMANDED

Plaintiffs respectfully request a jury trial on all triable issues.

/s/ *Timothy J. Cook*
Timothy J. Cook (0093538)